IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HYPERQUERY LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LG ELECTRONICS U.S.A., INC.,<br><br>　　　　Defendant. | Case No. 2:23-cv-00007-JRG-RSP |

**DEFENDANT LG ELECTRONICS U.S.A., INC.'S REPLY IN SUPPORT OF ITS
<u>MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

|      |                                                                                              | Page |
|------|----------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                 | 1    |
| II.  | HYPERQUERY'S DIRECT INFRINGEMENT CLAIMS MUST BE DISMISSED                                    | 2    |
|      | A. HyperQuery's Response Confirms That LG Smartphones Cannot Perform the Asserted Method Claims | 2    |
|      | B. HyperQuery Does Not Rebut the Prosecution History Disclaimer                              | 5    |
|      | C. HyperQuery's Cited Authority Supports Dismissal of the Complaint                          | 6    |
| III. | HYPERQUERY'S INDIRECT INFRINGEMENT CLAIMS MUST BE DISMISSED                                  | 7    |
| IV.  | HYPERQUERY'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ANY AMENDMENT WOULD BE FUTILE | 8    |
| V.   | CONCLUSION                                                                                   | 9    |

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                 **Page(s)**

*AMG Prods., Inc. v. Dirt Cheap, LLC*,
  No. 6:18-CV-00267-JDK, 2019 WL 2484260 (E.D. Tex. Mar. 12, 2019) ................................ 8

*AMG Prods., Inc. v. Fry's Elecs.*,
  No. 6:18-CV-00267-JDK-JDL, 2019 WL 1578053 (E.D. Tex. Apr. 11, 2019) ........................ 8

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ........................... 2, 3

*De La Vega v. Microsoft Corp.*,
  No. 19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ................................ 4

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) .............................................................................................. 6

*Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*,
  539 F. Supp. 3d 685 (S.D. Tex. 2021) .................................................................................. 6

*Lyda v. CBS Corp.*,
  838 F.3d 1331 (Fed. Cir. 2016) .............................................................................................. 4

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
  751 F.3d 368 (5th Cir. 2014) .................................................................................................. 8

*Panasonic Corp. v. Magna Int'l, Inc.*,
  No. 6:21-CV-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan. 19, 2022) .............................. 6

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
  No. 4:19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ........................... 4, 6, 7

*Roa v. City of Denison*,
  No. 4:16-CV-00115-ALM-CAN, 2017 WL 4675062 (E.D. Tex. Oct. 18,
  2017) ..................................................................................................................................... 8

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
  No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ...................... 4, 5, 6, 8

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
  170 F. Supp. 3d 928 (E.D. Tex. 2016) .................................................................................. 7

*Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*,
  422 F. Supp. 3d 1191 (W.D. Tex. 2019) .............................................................................. 7

Defendant LG Electronics U.S.A. Inc. ("LGEUS") respectfully submits this Reply to HyperQuery LLC's ("HyperQuery") Response ("Response," Dkt. 26) to LGEUS's Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) ("Motion," Dkt. 17).

I.  **INTRODUCTION**

HyperQuery plainly admits that under its allegations, "it is the ***Google server*** receiving an input from the user device … ***not the LG Smartphones*** receiving an input." Dkt. 26, at 7 (emphasis added). Lest there be any doubt, on ***four*** separate occasions HyperQuery further acknowledges that the "computing device" recited in the claims is satisfied by a "Google server," ***not any LG product***. *Id.*, at 6-7 ("the claim charts show that it is the ***computing device*** (***Google server***) that receives an input from the user device") (emphasis added). These admissions are precisely what LGEUS argued in its Motion—the Complaint points to a third party, and fails to plausibly allege infringement ***by LGEUS***. Dkt. 17, at 6-14. Accordingly, HyperQuery's direct infringement allegations must be dismissed because the Complaint does not plausibly allege that any LG product performs every step of even one asserted claim.

The indirect infringement claims fare no better, at least because HyperQuery's Response confirms that the underlying direct infringement alleged in the Complaint is the "use" of LG smartphones by "end users and others." Dkt. 26, at 9. But HyperQuery has now admitted that LG smartphones cannot perform the asserted method claims, meaning that "end users" also cannot be the underlying direct infringers. Without any underlying direct infringement, there can be no inducement, and therefore HyperQuery's indirect infringement claims also must be dismissed.

HyperQuery has now acknowledged precisely what LGEUS argued in its opening brief— HyperQuery pled itself out of any plausible direct or indirect infringement claims against LGEUS. Further, because HyperQuery expressly points to a third party for performance of the claims, any attempted amendment would be futile, and the Complaint should be dismissed with prejudice.

1

## II.     HYPERQUERY'S DIRECT INFRINGEMENT CLAIMS MUST BE DISMISSED

### A. HyperQuery's Response Confirms That LG Smartphones Cannot Perform the Asserted Method Claims

Rather than demonstrating that the accused LG smartphones can plausibly infringe,[1] HyperQuery instead admits that the "computing device" recited in Claim 1 of the '918 Patent is a "**Google** server," and that third-party component is what performs at least the receiving "an input search query from a user device" step.  Dkt. 26, at 2 (emphasis added); *see also id.* at 6 (admitting that the "pre-installed app (Google Play Store) provides a method, implemented by a computing device (Google Server)").  To be sure, HyperQuery further explains that the steps of the asserted method claims in <u>both</u> patents are allegedly performed by a Google server, rather than any LG product.  *Id*. at 7 (with respect to the "receiving" steps required in both patents, admitting that "it is the ***Google server receiving an input*** from the user device (LG Smartphones) via the communication network, ***not the LG Smartphones receiving an input***.") (emphasis added).[2]

Accordingly, the Response only verifies the bases of LGEUS's motion: the asserted claims cannot be performed by LG smartphones, and are instead directed to a third-party server.  Dkt. 17, at 6-13.  Because HyperQuery admits that no LG product can perform every step of even one asserted claim, the Complaint's direct infringement allegations must be dismissed.  *See Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *4 (E.D. Tex. Dec. 11, 2018) (dismissing the complaint because it failed to allege performance of the

---

[1]  As explained in the opening brief, the Complaint alleges infringement by "at least the Defendant products identified in the charts incorporated into this Count below (among the 'Exemplary Defendant Products')" (Dkt. 1, ¶¶ 12, 21), but the charts accompanying the Complaint refer only to "LG smartphones (such [sic] LG Wing 5G)," and the LG Wing 5G is the only specific product identified.  *See* Dkt. 1-2 at 1; Dkt. 1-4 at 1.

[2]  Claim 1 of the '611 Patent also requires "receiving a query from the user device" (Dkt. 1-3, 9:6-9), and HyperQuery cannot dispute that its admission that the component receiving such input from the user device is a "Google server" applies equally to the asserted claims of the '611 Patent.

claimed method steps by a single entity, and instead alleged that at least some steps were performed by a third-party "app" that was "integrated" into the defendant's accused product, without showing that the defendant directed, controlled, or had any other relationship with that third party).[3]

While HyperQuery also argues that LG smartphones have "a pre-installed app (Google Play Store)," that is a red herring and does not save the Complaint. Dkt. 26, at 6. In fact, HyperQuery acknowledges that the functionality of that app is "***implemented by a computing device*** (***Google Server***)," not by LG smartphones. *Id.* at 6.[4] In other words, HyperQuery only further confirms that the claimed method steps are directed to a third-party server (such as Google), and cannot be performed by LG smartphones. Because there is no dispute that LGEUS and Google are separate entities, and there is no allegation that LGEUS operates or controls Google servers (nor would any such allegation be plausible), the Complaint is fatally deficient.

Finally, HyperQuery argues that "Defendant does not deny that ***it has used or is using*** its accused devices." Dkt. 26, at 7 (emphasis added). This argument is misplaced for the same reasons discussed above. First, HyperQuery agrees that a third-party server, and not an LG smartphone or applications installed on it, is what allegedly performs the claimed method steps. Second, to the extent that HyperQuery is arguing that LGEUS infringes by using or testing its own devices, such argument fails for the same reason. HyperQuery acknowledges that the Complaint

---

[3]  The Response focuses on the '918 Patent, and for the '611 Patent only includes one sentence, stating that "Defendant's [sic] relies on the same flawed analysis." Dkt. 26, at 8. But as discussed above, HyperQuery's admission that a third-party server is the component that receives inputs from a user device applies equally to both patents, because both require such "receiving" steps.

[4]  Separate and apart from the "receiving" limitations of both Asserted Patents, Defendant's Motion also argued that HyperQuery has not pled facts sufficient to allege that the accused LG smartphones meet the "selecting" and "determining" limitations of Claim 1 of the '918 Patent, and the "selecting" and "modifying" limitations of Claim 1 of the '611 Patent. Dkt. 17, at 9 and 11-12. Plaintiff's Response does not even address the Complaint's deficiencies for these limitations.

alleges that method steps are performed by a third-party server, meaning that every step cannot be performed by LGEUS, including when it uses or tests its own products.[5] *See De La Vega v. Microsoft Corp.*, No. 19-CV-00612-ADA, 2020 WL 3528411, at *4-5, n.7 (W.D. Tex. Feb. 11, 2020) (dismissing direct infringement allegations where plaintiff had "not articulated any basis that would establish that [the named defendant] performed all of the elements of the claim when it tested the accused products," and noting that plaintiff's shifting theories as to which entity allegedly performed the method steps called "into question whether or not Plaintiff complied with the requirements of Rule 11 when he filed his Original Complaint."); *see also* Dkt. 17, at n.6.

Because there is now no dispute that LGEUS cannot perform all of the method steps of any asserted claim, HyperQuery's direct infringement allegations must be dismissed. *See Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *4 (E.D. Tex. Nov. 17, 2020) (dismissing the complaint because it failed "to provide a plausible allegation that Blackhawk's system performs at least the initial PIN-creation procedure" step required in the asserted method claim); *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (dismissing the amended complaint with

---

[5] Although it is not articulated, to the extent that HyperQuery's theory is that some steps of the asserted method claims are performed by Google, while others are performed by LG smartphones, such theory would fail in the first instance because HyperQuery has not pled joint or divided infringement. *See De La Vega*, 2020 WL 3528411, at *2-4 (explaining that when a patent claim "requires at least multiple actors," a "case of joint infringement" is implicated, but noting that in its original complaint the "Plaintiff failed to allege joint infringement by the combined acts of multiple parties"). In any case, HyperQuery also could not plausibly allege joint or divided infringement, at least because it cannot be disputed that LGEUS does not operate or control Google or its servers, meaning that any attempted amendment to add such allegations would be futile. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("A claim of joint infringement … requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.").

4

prejudice, because plaintiff made "clear that the asserted claims" required multiple components "met by a mobile device" provided by a third party, with "no factual allegations that even remotely suggest that" the defendant "bank" provided such mobile devices) (internal citations omitted).

### B. HyperQuery Does Not Rebut the Prosecution History Disclaimer

As an initial matter, the Complaint should be dismissed regardless of the prosecution history disclaimer because, as explained above, HyperQuery admits that at least some steps of the asserted method claims are allegedly performed by a third-party server, not LGEUS. *See* § II.A, *supra*; Dkt. 26, at 5-7. Accordingly, regardless of how the claims may be construed or whether prosecution history disclaimer applies, HyperQuery does not plausibly allege infringement.

In any event, HyperQuery is also incorrect regarding the prosecution history. As discussed in the opening brief, during prosecution of the '918 Patent asserted claim 1 was rejected in view of Flynt, which was "directed to a user/mobile device." Dkt. 17, at 4 (citing Dkt. 17-1 (May 12, 2016, Applicant Arguments in Response to Non-Final Rejection), at 7)). To traverse the rejection, the applicant unequivocally disclaimed application of the claims to a mobile device:

> Flynt is directed ***to a user/mobile device***. That can be seen throughout the Flynt disclosure, as indicated by the its [sic] title 'Tile Space User Interface for Mobile Devices.' ***By contrast, Applicant's invention as claimed is directed to a server in the network***. Thus, Flynt does not teach the steps of Applicant's amended claim 1 for which the Office Action cites it.

*Id*. (emphasis added). In its Response, HyperQuery argues that "this statement was taken out of context," allegedly because Flynt was directed to "the running of applications via tile manipulation, but not the downloading of an application." Dkt. 26, at 7-8 (citing Dkt. 17-1 at 9). HyperQuery's citation, however, refers to a ***different*** part of the applicant's argument, which was an additional and independent attempt to distinguish Flynt. *See* Dkt. 17-1, at 8 ("The Office Action ***also*** appears to confuse Flynt's ability to launch, *i.e.* cause the running of, applications via tile manipulation and the downloading of an application.") (emphasis added). HyperQuery never

addresses, let alone rebuts, the applicant's clear prosecution disclaimer of a "user/mobile device." And contrary to HyperQuery's argument that "Applicant was merely pointing out that Flynt was not directed to the use of a server in the network" (Dkt. 26, at 8), the excerpt above plainly shows that the applicant was defining its own alleged invention as "***directed to a server in the network***," not merely describing the prior art. Indeed, the repeated admissions in HyperQuery's Response that the claimed "computing device" ***is a server*** are entirely consistent with this prosecution history.

### C. HyperQuery's Cited Authority Supports Dismissal of the Complaint

The cases cited in the Response support LGEUS's arguments, not HyperQuery's, and further show why dismissal of the Complaint is warranted.[6] Dkt. 26, at 3-5.

First, in *Qwikcash* the plaintiff's direct (and indirect) infringement allegations ***were dismissed*** for the same reasons put forward in this Motion—the complaint failed to plausibly allege that defendant's product performed a required claim step. *See Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *4 (E.D. Tex. Nov. 17, 2020) (dismissing direct infringement allegations because the complaint failed "to provide a plausible allegation that Blackhawk's system performs at least the initial PIN-creation procedure in claim 17."). Further, *Disc Disease*, *Hunton Energy*, and *Panasonic* are inapposite, because in each case the court found that the complaint plausibly alleged that "each and every element of at least one claim" was met by the defendant's products. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 695 (S.D. Tex. 2021) (complaint "alleges that the El Paso Plant infringes

---

[6] HyperQuery only cites cases in the Legal Standard section of its Response (Dkt. 26, at 3-5), and other than a general citation to *Iqbal* and *Twombly* (*id.* at 8), does not apply any authority in the argument sections.

6

on all claims of the '351 Patent"); *Panasonic Corp. v. Magna Int'l, Inc.*, No. 6:21-CV-00319-ADA, 2022 WL 174513, at *2 (W.D. Tex. Jan. 19, 2022) (similar). By contrast, HyperQuery ***does not allege*** that the accused LG smartphones practice "each and every element" of any asserted claim, because it admits that at least certain steps are performed by a third-party server.[7]

### III. HYPERQUERY'S INDIRECT INFRINGEMENT CLAIMS MUST BE DISMISSED

HyperQuery argues that its indirect infringement allegations should not be dismissed because "HyperQuery has plausibly alleged direct infringement." Dkt. 26, at 8-9. But for the reasons articulated above, the direct infringement allegations are not plausible. In addition, the Response does not even address the issue of underlying direct infringement by an entity other than LGEUS (which is required for claims of inducement). In any case, whether they are operated directly by LGEUS or by end users, LG smartphones cannot infringe the asserted claims for the same reasons. Accordingly, the Complaint's failure to plausibly allege that any LG device infringes applies equally to inducement, and alone warrants dismissal of those claims. *See Qwikcash*, 2020 WL 6781566, at *5 ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed.").

Moreover, and while it is not necessary to reach these issues, the Response does not even address, let alone rebut, the other indirect infringement deficiencies, including that the Complaint does not plausibly allege that LGEUS intended for its customers to infringe the Asserted Patents.[8]

---

[7] HyperQuery's remaining cases addressed different issues: *Slyce Acquisition* involved personal jurisdiction and a 35 U.S.C. § 101 patent ineligible subject matter challenge, and *Script Security* involved a venue challenge and induced infringement allegations that turned on willful blindness, which has not been alleged in this case. *Slyce Acquisition Inc. v. Syte - Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1206 (W.D. Tex. 2019); *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935-38 (E.D. Tex. 2016).

[8] As explained in the opening brief (Dkt. 17, at 16), the Complaint also does not allege as an inducement theory that LGEUS is somehow encouraging Google to operate its own servers in an infringing manner. HyperQuery concedes this point, as it is not addressed in the Response.

7

Dkt. 17, at 14-16. The only LG material cited in the Complaint is a user manual indicating that certain Google applications come pre-installed on LG smartphones. Dkt. 17, at 15. And the remainder of the cited evidence is **Google** material, which cannot support allegations that **LGEUS** has the requisite specific intent to encourage infringement for inducement. *See AMG Prods., Inc. v. Dirt Cheap, LLC*, No. 6:18-CV-00267-JDK, 2019 WL 2484260, at *3-4 (E.D. Tex. Mar. 12, 2019) (dismissing inducement claims where the complaint cited product instructions attributable to third parties), report and recommendation adopted *sub nom. AMG Prods., Inc. v. Fry's Elecs.*, No. 6:18-CV-00267-JDK-JDL, 2019 WL 1578053 (E.D. Tex. Apr. 11, 2019).

For each of these reasons, HyperQuery's indirect infringement allegations must also be dismissed.

## IV.     HYPERQUERY'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ANY AMENDMENT WOULD BE FUTILE

Finally, the Complaint should be dismissed with prejudice, and HyperQuery's conditional request for leave to amend should be denied. The Response confirms that HyperQuery's infringement allegations are directed to a **third-party** server allegedly performing at least certain steps of the asserted claims, and HyperQuery has not articulated any proposed amendment that could cure that fatal defect. *Roa v. City of Denison*, No. 4:16-CV-00115-ALM-CAN, 2017 WL 4675062, at *9 (E.D. Tex. Oct. 18, 2017) (adopting report and recommendation to deny leave to amend, because the proposed "amendment fails to cure any of the pleading deficiencies previously brought to Plaintiff's attention."); *Ruby Sands LLC*, 2016 WL 3542430 at *4-5 (finding dismissal with prejudice warranted where the complaint made "no factual allegations that even remotely suggest" the defendant could provide the admitted third-party components required by the infringement allegations, which led the court to "wonder whether [plaintiff] performed a thorough pre-suit investigation, as required by the Federal Rules, to craft a plausible infringement theory

before filing its complaint"); *see also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion.")).  Any attempt to amend would be futile because HyperQuery admits that its allegations require the performance of claim steps by a third-party server, not by LGEUS.

## V.  CONCLUSION

For all the reasons discussed in its opening brief and in this reply, LGEUS respectfully requests that the Court dismiss HyperQuery's Complaint with prejudice.

Dated:  April 21, 2023

Respectfully submitted,

*/s/ Shaun W. Hassett*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for LG Electronics U.S.A. Inc.*